**Appeal dismissed and Memorandum Opinion filed September 21, 2023.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔈𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-23-00589-CR

**GARRETT HOUSTON HANNES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the 268th District Court
### Fort Bend County, Texas
### Trial Court Cause No. 20-DCR-093173

## M E M O R A N D U M   O P I N I O N

Appellant was placed on deferred adjudication community supervision in an order signed June 29, 2021. No timely motion for new trial was filed. Therefore, to be timely, appellant's notice of appeal was due by July 29, 2021. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court and (b) a motion to extend time in the court of appeals. *See* Tex. R. App.

P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion to extend time to file notice of appeal). The fifteenth day after July 29, 2021, was August 13, 2021.

Appellant filed his notice of appeal on August 16, 2023, a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On May 17, 2022, this court dismissed for want of jurisdiction an earlier appeal from the same June 29, 2021 order because the order was based on appellant's acceptance of a plea bargain, and the trial court certified that appellant had no right of appeal. *See Hannes v. State*, No. 14-21-00416-CR, 2022 WL 1548588 (Tex. App.—Houston [14th Dist.] May 17, 2022, no pet.) (mem. op.). We determined that the trial court's certification was supported by the record. *Id.* We issued our mandate in cause number 14-21-00416-CR on July 11, 2022.

On August 18, 2023, the parties were notified that the appeal was subject to dismissal without further notice unless a party demonstrated that the court has jurisdiction. No response has been received.

Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).